IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00467-BNB

DAVID RUSSELL,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, David Russell, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Russell has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Douglas County District Court case number 00CR356.  The court must construe the application liberally because Mr. Russell is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Russell will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

The court has reviewed the application and finds that it is deficient.  First, Mr. Russell fails to name his custodian as a Respondent.  The law is well-established that the proper respondent in a habeas corpus action is the applicant's custodian.  *See* 28

U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  The People of the State of Colorado is not a proper Respondent.

More importantly, Mr. Russell fails to identify clearly the specific federal constitutional claims he is asserting in this action and he fails to provide specific factual allegations in support of each asserted claim.  For example, Mr. Russell asserts in two separate claims, claims one and four in the application, that appear to raise the same double jeopardy issue.  If Mr. Russell actually intends to assert two separate and distinct double jeopardy claims, he must clarify what those separate and distinct claims are.  Mr. Russell's second claim for relief fails to identify the federal constitutional right allegedly violated, and he fails to allege any facts in support of that claim.  Although Mr. Russell also fails to identify the federal constitutional right allegedly violated with respect to his third claim, the court construes the third claim liberally as a due process claim challenging the voluntariness of his guilty plea.  If that is not correct, Mr. Russell must clarify the federal constitutional right allegedly violated with respect to his third claim.

The court finds that the application does not provide a clear statement of the claims Mr. Russell is asserting.  Therefore, in order to avoid any possible confusion regarding the claims he is raising in this action, Mr. Russell will be directed to file an amended pleading that identifies clearly the specific constitutional claims he is asserting and that clearly identifies the specific facts that support each individual claim.  Sectin 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Russell must

"specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Russell file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Russell shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Russell fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 24, 2012, at Denver, Colorado.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge