IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00467-BNB

DAVID RUSSELL,

      Applicant,

v.

WARDEN SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

ORDER OF DISMISSAL

_____

Applicant, David Russell, is a prisoner in the custody of the Colorado Department
of Corrections at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Russell
initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to
28 U.S.C. § 2254 (ECF No. 1).  On March 26, 2012, Mr. Russell filed an amended
application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 6).  Mr.
Russell is challenging the validity of his conviction and sentence in Douglas County
District Court case number 00CR356.

On March 29, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to
file a Pre-Answer Response limited to raising the affirmative defenses of timeliness
under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28
U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in
this action.  On April 23, 2012, Magistrate Judge Boland entered a second order
directing Respondents to file a Pre-Answer Response.  On April 30, 2012, Respondents

filed their Pre-Answer Response (ECF No. 13) arguing that this action is untimely and that Mr. Russell's claims are procedurally defaulted.  On May 7, 2012, Mr. Russell filed a reply (ECF No. 14) to the Pre-Answer Response and on May 17, 2012, he filed an addendum (ECF No. 15) to his reply to the Pre-Answer Response.

The Court must construe the application and other documents filed by Mr. Russell liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

The pertinent factual background regarding Mr. Russell's conviction and sentence is set forth as follows by the Colorado Court of Appeals in an order affirming the denial of a postconviction motion:

> Defendant was charged with sexual assault on a child, a class four felony, and with being a habitual sex offender against children.  He pleaded guilty to sexual assault on a child and an added count of attempted sexual assault on a child, a class five felony, in exchange for dismissal of the habitual sex offender count and a stipulated sentence of ten years to life probation on the sexual assault conviction to begin after defendant served a term of six years in the Department of Corrections (DOC), plus two years mandatory parole, on the attempted sexual assault conviction.

*People v. Russell*, No. 10CA0875 (Colo. App. June 9, 2011) (ECF No. 13-4 at 2).  Mr. Russell was sentenced in accordance with the plea agreement on June 15, 2001 (*see* ECF No. 13-1 at 14).  He did not file a direct appeal following imposition of his sentence on June 15, 2001.

On May 10, 2004, Mr. Russell filed a postconviction motion alleging that he had

not been advised adequately regarding the period of mandatory parole.  (*See id.* at 13.)
The trial court denied that motion on June 28, 2004.  (*See id.*)  On January 26, 2005,
Mr. Russell filed another postconviction motion challenging the mandatory parole
portion of his sentence.  (*See id.*)  On February 23, 2005, the trial court granted that
motion and issued an amended mittimus.  (*See id.*)  On April 6, 2005, Mr. Russell filed a
motion to correct the mittimus that was denied by the trial court on June 3, 2005.  (*See
id.* at 12-13.)

On November 21, 2005, after Mr. Russell had completed his original prison
sentence and begun serving his sentence to probation, the probation department filed a
complaint to revoke Mr. Russell's probation.  (*See id.* at 11.)  On April 6, 2006, Mr.
Russell pleaded guilty to the probation violation complaint and on July 24, 2006, he was
resentenced to an indeterminate term of ten years to life in prison.  (*See id.* at 9-10.)

On October 7, 2009, Mr. Russell filed in the trial court a postconviction motion to
correct an illegal sentence pursuant to Rule 35(a) of the Colorado Rules of Criminal
Procedure.  (*See id.* at 9.)  On March 23, 2010, the trial court denied the Rule 35(a)
motion.  (*See id.* at 8.)  "Although for reasons different from those stated by the trial
court," the Colorado Court of Appeals affirmed the order denying Mr. Russell's October
2009 postconviction motion.  *See People v. Russell*, No. 10CA0875 (Colo. App. June 9,
2011) (ECF No. 13-4 at 7).  The Colorado Court of Appeals specifically determined that
Mr. Russell's constitutional claims were untimely and successive.  (*See* ECF No. 13-4 at
4-6.)  On October 24, 2011, the Colorado Supreme Court denied Mr. Russell's petition
for writ of certiorari.  (*See* ECF No. 13-6.)

Mr. Russell initiated the instant action on February 23, 2012.  In the amended

3

application filed on March 26, 2012, he specifically asserts two claims for relief.  He first

claims that his Fifth Amendment protection against double jeopardy was violated

because he was sentenced twice for the same offense.  Mr. Russell contends in his

second claim that his guilty plea was involuntary because it was induced by an illegal

sentence.

Respondents initially contend in their Pre-Answer Response that this action is

barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides

as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
>> (A)  the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing
>> an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>>
>> (D)  the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Russell's conviction became final, and the one-year limitation period began to run, on July 30, 2001, when time expired to file a direct appeal following his original sentencing on June 15, 2001. Respondents further argue that the one-year limitation period ran uninterrupted until it expired on July 30, 2002. Respondents acknowledge that Mr. Russell's probation was revoked and he was resentenced to prison on July 24, 2006, but argue that under Colorado state law the revocation of parole and resentencing does not alter the date on which Mr. Russell's conviction became final. Respondents also contend that, even if the judgment of conviction was not final until after Mr. Russell's probation was revoked and he was resentenced in July 2006, this action still is untimely because he did not file any postconviction motion in state court following his resentencing until October 7, 2009.

Mr. Russell does not address these specific arguments in his reply to the Pre-Answer Response. Instead, he contends this action is timely based on the following argument:

> 1. Regarding timeliness under [28] U.S.C. § 2244(d), the judgment of conviction under attack in this action became final less than one year prior to the filing of this action when the COLORADO SUPREME COURT ORDER denying Certiorari was issued October 24, 2011, thereby setting the time bar at October 24, 2012.

(ECF No. 14 at 1.) In the addendum filed on May 17, 2012, Mr. Russell again asserts that the one-year limitation period did not begin to run until October 24, 2011, when the

Colorado Supreme Court denied his petition for writ of certiorari in the most recent state court postconviction proceedings.  Mr. Russell also argues in the addendum that this action is timely because an illegal sentence may be corrected at any time and because "[a]ll filings have met and complied with each Court's rules and procedures."  (ECF No. 15 at 2.)

The Court agrees with Respondents that Mr. Russell's conviction was final when the time to file a direct appeal following his original sentencing expired.  Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Russell had forty-five days to file a notice of appeal after he was sentenced on June 15, 2001.  Therefore, Mr. Russell's conviction was final on July 30, 2001.  Mr. Russell's contention that his conviction was not final until the Colorado Supreme Court denied a petition for writ of certiorari in October 2011 lacks merit because the Colorado Supreme Court's October 2011 order pertained to a certiorari petition filed by Mr. Russell in state court postconviction proceedings. Pursuant to § 2244(d)(1)(A), the one-year limitation period generally begins to run when the judgment of conviction becomes final by the conclusion of direct review.  *See Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998).

The Court also finds that the one-year limitation period began to run on July 30, 2001, because Mr. Russell does not allege that he was prevented by unconstitutional state action from filing this action sooner; he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and he knew or could have discovered the factual predicate for his claims, both of which relate to his guilty plea and the sentences imposed on June 15, 2001, before his conviction became final.  ***See*** 28 U.S.C. § 2244(d)(1)(B) - (D).  As a

result, the time to file a federal habeas corpus action expired on July 30, 2002, unless the one-year limitation period was tolled for some period of time.

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."

7

*Gibson*, 232 F.3d at 804.

Respondents are correct that the one-year limitation period ran uninterrupted until it expired on July 30, 2002.  As a result, none of the state court postconviction motions Mr. Russell filed beginning in 2004 tolled the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.  The Court also agrees with Respondents that, even if the one-year limitation period did not begin to run until after Mr. Russell's probation was revoked and he was resentenced in July 2006, this action still is time-barred because Mr. Russell did not file any state court postconviction motions between July 2006 and October 2009, a gap of more than three years after the revocation of probation and resentencing.

As noted above, Mr. Russell argues in his addendum that this action is timely because an illegal sentence may be corrected at any time and because his state law filings complied with state court procedures.  These arguments lack merit because the timeliness of this action is governed by federal law.  Furthermore, although properly filed state court postconviction proceedings may toll the one-year limitation period in accordance with § 2244(d)(2), all of the time after the one-year limitation period begins to run during which no properly filed state court postconviction proceedings are pending counts against the one-year limitation period unless the one-year limitation period is tolled for equitable reasons.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the petitioner actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327. The Court emphasizes that a "substantial claim that

9

constitutional error has caused the conviction of an innocent person is extremely rare."
*Id.* at 324.

Mr. Russell does not argue that equitable tolling is appropriate in this action and
he alleges no facts that arguably might support equitable tolling of the one-year
limitation period.  Therefore, the Court finds that this action is barred by the one-year
limitation period.

Respondents also argue that Mr. Russell's claims are unexhausted and
procedurally defaulted.  The Court agrees.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus
may not be granted unless it appears that the applicant has exhausted state remedies
or that no adequate state remedies are available or effective to protect the applicant's
rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State
Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is
satisfied once the federal claim has been presented fairly to the state courts.  *See
Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the
federal issue be presented properly "to the highest state court, either by direct review of
the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been
presented to the state courts in order to satisfy the fair presentation requirement.  *Picard
v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252
(10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner
to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal
quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

10

federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Russell apparently contends that he exhausted his claims in this action by raising them in the state court postconviction proceedings he initiated in October 2009. Respondents concede that Mr. Russell arguably raised his double jeopardy claim as a federal constitutional claim in the Colorado appellate courts in those postconviction proceedings. However, Respondents are correct that Mr. Russell did not fairly present to the Colorado appellate courts his claim challenging the validity of his guilty plea because that claim was raised for the first time on appeal in a reply brief. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990) (refusing to consider claim raised for the first time in a reply brief). Furthermore, with respect to both claims, Respondents are correct that the claims were not fairly presented to the Colorado appellate courts because the claims were untimely under state law and thus were rejected by the state court based on an independent and adequate state ground. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995) (finding that Colorado statute of limitations for collateral attacks is independent and adequate state ground). Therefore, the Court finds that Mr. Russell has not fairly presented either of his claims to the Colorado appellate courts and

11

the claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Russell's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Russell must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Russell can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Russell fails to demonstrate or even allege that he can demonstrate cause and prejudice for his procedural default or that a failure to consider his unexhausted

12

claims will result in a fundamental miscarriage of justice.  As a result, Mr. Russell's

claims are procedurally barred and the action also will be dismissed for that reason.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended

application (ECF No. 6) are denied and the action is dismissed for the reasons stated in

this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __30th__ day of ___May_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

13