IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00467-LTB

DAVID RUSSELL,

     Applicant,

v.

WARDEN SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

     Applicant, David Russell, has filed *pro se* on June 21, 2012, a document titled

"Response to Judge Babcock" (ECF No. 18) in which he asks the Court to reconsider

and vacate the Order of Dismissal and the Judgment entered in this action on May 30,

2012.  The Court must construe the document liberally because Mr. Russell is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the Court construes the

document liberally as a motion to reconsider.  For the reasons discussed below, the

motion to reconsider will be denied.

     A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant habeas corpus action because the Court determined the application is barred by the one-year limitation period in 28 U.S.C. § 2244(d) and because the claims Mr. Russell asserts are unexhausted and procedurally barred.  Mr. Russell argues in the motion to reconsider that the Court misunderstands the nature of this action because he is challenging the denial of his postconviction Rule 35(c) motion to correct an illegal sentence rather than the validity of his conviction; that an illegal sentence may be corrected at any time; that he is not represented by counsel and his access to a law library and other legal assistance while incarcerated is limited; and that he exhausted his claims in the state court postconviction proceedings.

On consideration of the motion to reconsider and the entire file, the Court finds

that Mr. Russell fails to demonstrate some reason why the Court should reconsider and

vacate the order to dismiss this action.  The Court remains convinced that this action is

barred by the one-year limitation period and that Mr. Russell's claims are unexhausted

and procedurally barred.  With respect to the arguments Mr. Russell raises in the motion

to reconsider, the Court already has addressed many of those arguments in the Order

of Dismissal.  To the extent to the extent the arguments were not addressed by the

Court, they were not addressed only because Mr. Russell did not raise those arguments

previously.  However, as noted above, a Rule 59(e) motion is not a new opportunity to

revisit issues already addressed or to advance arguments that could have been raised

previously.  *See id.*  Therefore, the motion to reconsider will be denied.  Accordingly, it

is

ORDERED that Applicant's motion to reconsider (ECF No. 18) filed on June 21,

2012, is DENIED.

DATED at Denver, Colorado, this  5th  day of  July , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court